# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WASHINGTON TIMES AVIATION USA, L.L.C. and TIMES AEROSPACE INTERNATIONAL, L.L.C<br><br>    Plaintiffs,<br><br>v.<br><br>DOUGLAS D. M. JOO<br><br>    Defendant. | 2:10–cv-00928-HDM-RJJ<br><br>**ORDER**<br><br>Plaintiff's Motion to Compel Compliance with Deposition and Document Subpoena and for Contempt Sanctions (#2)<br><br>Defendant's Motion to Quash (#18) |

This matter comes before the undersigned Magistrate Judge on Plaintiff's Motion to Compel Compliance with Deposition and Document Subpoena and for Contempt Sanctions (#2). The Court also considered Defendant's Opposition (#17) and Motion to Quash (#18) and Plaintiff's Reply (#19) and Opposition to Defendant's Motion to Quash (#20).

## **BACKGROUND**

This is a case involving the allegedly unlawful conversion of $21 million. Defendant, Joo, is a former director and officer of Plaintiffs, Washington Times Aviation and Times Aerospace International. Plaintiffs brought suit alleging conversion, breach of fiduciary duty, fraud and other claims against Joo. The case revolves around a November 2009 transfer of $21

million from a Washington Times Aviation account to the Mission Foundation for Family Federation for World Peace and Unification in Korea (Mission Foundation).

Peter H. Kim is the Secretary General of the Mission Foundation and has business, social, and religious ties to Defendant. Plaintiffs subpoenaed Kim through this court, demanding his deposition testimony and production of documents related to the transfer. Kim was served with the subpoena on May 5, 2010 by a licensed process server in Las Vegas, Nevada. The deposition was set to take place May 26, 2010 in Las Vegas.

On or about May 6, 2010, Plaintiffs offered to modify the deposition and production schedule because there was some issue about Kim's ability to travel between the United States and Korea. Between May 5 and May 26, Kim relocated to Korea, renounced his United States citizenship, and surrendered his United States Passport. The renunciation process allegedly began before the subpoena was served. On May 19, 2010, New Jersey counsel for Kim sent a letter to Plaintiffs advising them that "Dr. Peter Kim is not a citizen of the United States, does not reside in Nevada, currently does not hold a U.S. Passport, and he also does not yet have a passport from the Republic of Korea. He is currently in Korea and thus cannot even travel to the United States at this point in time. Thus Dr. Peter Kim will not be appearing or producing material in response to your subpoena." Kim did not appear for the deposition, nor has he produce any documents.

Accordingly, Plaintiffs filed the instant Motion to Compel Compliance with Deposition and Document Subpoena and for Contempt Sanctions (#2). Due to some logistical problems, Kim did not file an opposition to the motion, but was granted leave from the court to file a late opposition. Order (#16). Kim then filed his Opposition (#17) along with a Counter-Motion to Quash the Subpoena (#18) in a combined document. Plaintiffs filed their Reply (#19) and an Opposition to the Motion to Quash (#20) also in a combined document.

Plaintiffs argue in their Motion (#2) that Kim waived any objections to the subpoena because he did not object within the time specified by Fed. R. Civ. P. 45(c)(2)(B). They also argue that the subpoena was properly served because Kim regularly conducts business in Nevada. Plaintiffs assert that the Court should issues an order to show cause why he should not be held in

1  contempt of court.  Plaintiffs also contend that Kim should already be held in contempt because
2  Kim violated the court ordered subpoena, did not substantially comply with the order, his
3  violation was not on a good faith basis and reasonable interpretation of the order, and Plaintiffs
4  demonstrated the violation by clear and convincing evidence.
5      In Kim's Opposition (#17), he argues that the changes in his circumstances made him
6  incapable of responding to the subpoena without traveling in violation of international law.
7  Specifically he argues that he cannot be compelled to attend a deposition or produce documents
8  in the United States because his permanent residence is more than 100 miles from the deposition
9  location.  Furthermore, Kim asserts that the travel time and cost is unduly burdensome.  Kim
10 asserts that he is not in contempt and no order to show cause should be issued because doing so
11 would require him to travel outside of the limits dictated by Fed. R. Civ. P. 45(c)(3)(A)(ii).
12     In Plaintiffs' Reply (#19), Plaintiffs assert that Kim made no specific objection to the
13 subpoena for production of documents and therefore, the documents must be produced.
14 Plaintiffs also assert that the correct time to determine the 100 mile distance requirement is at the
15 time of service and not at the time of deposition or production.  Accordingly, Plaintiffs reassert
16 the argument that Kim regularly conducted business in Nevada and therefore service and the
17 subpoena are proper.  His place of residence, Plaintiffs maintain, does not relieve him of his
18 obligation to appear.  Nor does his relocation excuse him from an order to show cause as to why
19 he should not be found in contempt.
20     In Kim's Counter-motion to Quash the Subpoena, Kim argues that the subpoena was void
21 *ab initio* because Plaintiffs did not provide sufficient funds to cover Kim's travel expenses to Las
22 Vegas for the deposition, even if he could travel there.  Kim asserts that Plaintiffs provided only
23 $12 for his travel expenses, and that round trip tickets to Korea cost approximately $2500 and
24 takes in excess of 20 hours in each direction.  Accordingly, Kim claims Plaintiffs did not comply
25 with Fed. R. Civ. P. 45(b)(1).
26     In Plaintiffs' Opposition (#20), Plaintiffs say that the Court's Order (#16) only allowed
27 Kim to respond to their initial motion and that the order did not allow them to file a counter-
28 motion.  Even so, Plaintiffs affirm that they did comply with Rule 45(b)(1) because they paid the

1  appropriate witness fee and provided Kim with travel expenses from his accommodations in Las
2  Vegas to the deposition location.  Furthermore, if the amount provided was not sufficient,
3  Plaintiffs declare that they would have been willing to communicate with Kim regarding what
4  reasonable travel expenses were required.  Kim only contacted them through counsel to say that
5  he had moved to Korea, could not travel, and would not be attending.

## DISCUSSION

7  As a preliminary matter, this Court's Order (#16) granted Kim leave to file a late
8  opposition to Plaintiffs' Motion (#2).  No leave was granted to file any motions related to
9  Plaintiffs' Motion (#2) apart from an opposition.  Therefore, the Motion to Quash is denied as
10 untimely.

11 Local Rule 26-7 applies to all motions to compel discovery.  Local Rule 26-7(b) states
12 that "[d]iscovery motions will not be considered unless a statement of moving counsel is attached
13 thereto certifying that, after personal consultation and sincere effort to do so, counsel have been
14 unable to resolve the matter without court action."

15 Here, Plaintiffs have failed to comply with the rule.  However, in light of the logistical
16 problems in retaining counsel that have been caused by Kim's renunciation of United States
17 citizenship and relocation to Korea, the Court will not deny Plaintiffs' Motion (#2) at this time.

18 Since Kim has now retained local counsel, the Court will give Plaintiffs and Kim 10 days
19 from the issuance of this order to meet and confer in good faith in order to arrange for the
20 production of documents and deposition of Kim.  The deposition will be held no later than 45
21 days from the issuance of this order and may be taken by telephone or remote means pursuant to
22 Fed. R. Civ. P. 30(b)(3)(B)(4) if Kim is still unable to travel.  Production of documents will
23 occur within 30 days of the issuance of this order.  If the parties come to an agreement within 10
24 days, they shall file a joint status report outlining the dates, times, and method of Kim's
25 deposition and the date by which he will produce documents.  If the parties cannot come to an
26 agreement within 10 days, they will file a joint status report explaining (1) the names of the
27 parties who conferred, (2) the manner by which they communicated, (3) the date and time of that
28 communication, and (4) the reasons why no agreement could be reached.  *See Shuffle Master,*

*Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 173 (D. Nev. 1997).  If no agreement can be reached, then the Court will take whatever further action it deems appropriate.

**ORDER**

Based on the foregoing and for good cause therefor,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Compliance With Deposition and Document Subpoena and For Contempt Sanctions (#2) is **GRANTED IN PART AND DENIED IN PART**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Compliance With Deposition and Document Subpoena and For Contempt Sanctions (#2) is **GRANTED** in that:

(1) Counsel for Plaintiffs and counsel for Kim will meet and confer in good faith within 10 days of issuance of this ORDER for the purpose of arranging for the deposition of PETER H. KIM and the related production of documents.

(2) Within 10 days of issuance of this ORDER, the parties will either:

a) Submit a joint status report outlining the dates, times, and method for PETER H. KIM's deposition and the date by which he will produce documents.

**OR ALTERNATIVELY**

b) Submit a joint status report explaining (1) the names of the parties who conferred, (2) the manner by which they communicated, (3) the date and time of that communication, and (4) the reasons why no agreement could be reached.

(3) The deposition of PETER H. KIM will be held within 45 days of issuance of this ORDER.

(4) Document production shall be made within 45 days of issuance of this ORDER.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Compliance With Deposition and Document Subpoena and For Contempt Sanctions (#2) is **DENIED as to the request for contempt sanctions**.

. . . .

1  IT IS FURTHER ORDERED that Kim's Motion to Quash (#18) is **DENIED**.

2  DATED this 30th day of September, 2010.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge